PARSONS P. DAVIS *vs.* DAVID W. ALEXANDER.

Franklin. Opinion May 11, 1904.

*Trespass, q. c.* When title is not involved. *Evidence,* immaterial is not exceptionable.

In an action of trespass quare clausum, which is the proper form of action to recover for injuries done to the plaintiff's possession of real estate, title is not necessarily involved. It is sufficient if the plaintiff shows that he was in actual and, so far as the defendant is concerned, lawful possession of the locus at the time of the trespasses complained of.

But it does not follow that the admission of deeds of the locus, or of any part of it, from the plaintiff, or from a person under whom he claims, to third parties is an exceptional error. If the question of the plaintiff's actual possession was in controversy, the deeds would be competent upon that issue, since there is some presumption that the real owner is in possession.

*Held;* that the deeds admitted in evidence were immaterial, if appropriate instructions were given, as it must be assumed were.

The admission of testimony that is merely irrelevant or immaterial, is not the subject of exception.

Exceptions by plaintiff. Overruled.

Trespass quare clausum.

From the exceptions and reported testimony it appears that the land described in the writ, and on which the alleged trespass was committed, was originally owned by one Jesse R. Bean, the deceased husband of Helen Bean. Prior to the trespass complained of he had plotted the greater part or all of the same into house lots, bounding all of them by streets or land dedicated to public use for streets, as indicated by a plan duly recorded, and references in deeds of lots embraced in said tract. Quite a portion of the premises was dedicated in this manner and in use for public travel. Quite a portion of the premises so plotted into lots had been sold and conveyed by deed by Jesse R. Bean in his lifetime. Some of the lots had buildings upon them. The plaintiff in evidence claimed that defendant's horse passed from the street upon some of these lots, and depastured

the land, which was unfenced and adjoining the street or road, and that he (the plaintiff), was in possession of the premises so depastured by virtue of an agreement to buy the grass on the same made with Helen Bean, she giving him license to enter and cut the same. The defendant contended that Helen Bean could give no right of possession to plaintiff in and to the lots, the title to which was in others, merely by virtue of said agreement, as she never was in possession, nor exercised any acts of ownership over them, but was merely a trespasser against the real owner; that his horse did not pass from the street on to any lots except those the use of which had been granted him by the actual owners; that his horse was not upon any land except said last named lots and said streets and that there was no actual or exclusive possession by the plaintiff sufficient to support an action, whatever possession he had or claimed to have, being wrongful. To support these contentions defendant offered in evidence the plan referred to and the records of deeds. The defendant's attorney stated the purpose of offering the deeds was not only to show the title to be in some persons other than the plaintiff or his grantor, but to show that he was not—that he had no right of possession,—and to show also that the lands surrounding the property conveyed were dedicated to public uses in the deeds of the grantor of the plaintiff.

All the records of land were of lots in the land described in the writ and were introduced for the same purposes and to each objections were made. There was evidence of possession by owners of said lots, and that the dedicated streets were used as such by the owners of lots adjoining them, and by the general public.

The only evidence of possession on the part of plaintiff or of his grantor was that the previous year, she, or some one else, cut off a little grass on some of the vacant lots. They were not fenced and there was no control or actual possession, otherwise, by either of them.

The verdict was for the defendant.

*B. Emery Pratt*, for plaintiff.

*E. E. Richards*, for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, SPEAR, JJ.

WISWELL, C. J. In an action of trespass quare clausum, the plaintiff introduced evidence tending to show that he was in actual possession of the locus for the purpose of cutting and taking away the grass growing thereon, under a license from the widow of a former owner. The defendant offered in evidence a number of deeds from the deceased husband of the licensor of portions of the locus described in the writ; the same being objected to, defendant's counsel in answer to an inquiry by the court as to the purpose for which these deeds were offered, replied: "The purpose is to show that the title to a large portion of the land described in the writ is in some one other than the plaintiff or the plaintiff's grantor." Later he stated that they were offered not only to show that the title was in some other person or the licensor, but also that the plaintiff had no right of possession, and stated other purposes for which they were offered. It was not claimed that the title to any of the lots conveyed by these deeds had ever come by mesne conveyances to the defendant, or that he had any right, title, possession or right to the possession of any portion of the locus, under these deeds, or that the acts complained of as trespasses were done under the license or permission of any person who owned any portion of the locus under these deeds. The deeds were admitted in evidence subject to the plaintiff's objection and exception, and the trial resulted in a verdict for the defendant.

It is undoubtedly true that this form of action is to recover for injuries done to the plaintiff's possession. Title is not necessarily involved, and it is not necessary for the plaintiff to prove title to the locus provided he shows that he was in actual, and, so far as the defendant is concerned, lawful possession thereof at the time of the trespasses complained of.

But it does not follow that the admission of deeds of the locus, or of any part of it, from the plaintiff, or from a person under whom he claims, to third parties is on that account an exceptionable error. If the question of the plaintiff's actual possession was in controversy, as

it may have been so far as we can tell from the exceptions, the deeds would be competent upon that issue, since there is some presumption that the real owner is in possession.

At most, the deeds admitted were immaterial, because we must assume, no exception having been taken to the charge, that appropriate instructions were given to the jury to the effect that the real question involved was as to the plaintiff's possession, and that he could recover, if he were in actual possession, against a defendant who had no right of possession, provided the latter was guilty of the trespass complained of.

The admission of testimony that is mere irrelevant or immaterial, and which is not shown to have been prejudicial, is not the subject of exception.

*Exceptions overruled.*